## Yolanda D. Cutler and Franklin Cutler v. The Travelers Insurance Company and Eugene S. Graveline

[412 A.2d 284]

No. 236-78

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Dier, Superior Judge, Specially Assigned

Opinion Filed February 5, 1980

*Ryan & Ryan* and *John A. Burgess*, Montpelier, for Plaintiffs.

*Fink & Birmingham, P.C.,* Ludlow, for Graveline.

*Spencer R. Knapp* of *Dinse, Allen & Erdmann,* Burlington, for Defendants.

**Billings, J.** This appeal arises as a result of an accident on November 19, 1960, in Montpelier when a motor vehicle oper-

ated by the plaintiff-appellant, Yolanda Cutler, owned by her husband, plaintiff-appellant, Franklin Cutler, was in a collision with a motor vehicle operated by Alan Despault, owned by the defendant-appellee, Eugene S. Graveline and insured by defendant-appellee, The Travelers Insurance Company. In 1967 the plaintiffs sued Despault alone and recovered judgments. In November 1975 the plaintiffs brought suit on the judgments against the defendants claiming that defendant Graveline negligently entrusted the automobile and that Despault was "an additional insured" covered by defendant Travelers' policy of insurance on defendant Graveline's motor vehicle. On motion the trial court dismissed the action as to the defendant Graveline on the basis of the three-year statute of limitations. 12 V.S.A. § 512(4). After trial by court, the action was dismissed as to the defendant Travelers on the ground that Despault was not "an insured" under the policy, because he was not operating the motor vehicle with either the express or implied consent of the owner-defendant Graveline. Plaintiffs now appeal.

■ Under the omnibus provisions of the automobile liability insurance policy here applicable, an "insured" includes a person who operates the insured's motor vehicle with express or implied consent of the insured owner. Although the plaintiffs did not challenge the finding of the trial court or conclusion that Despault operated without either express or implied consent, plaintiffs urge that the fact that the keys were found either in the ignition of the motor vehicle or in the trunk lock implies consent. Plaintiffs assert this despite the findings that defendant Graveline did not know Despault either by sight or name, did not see him on the day in question, and, when he discovered the car was missing, first thought his father had moved it and then, fearing theft, notified the police. The trial court's findings and conclusions that Despault operated the motor vehicle without the express or implied consent is, on the basis of the evidence before us, without error. The claim against the defendant Travelers was properly dismissed.

The action here accrued on November 19, 1960. 12 V.S.A. § 512. Uncontested service on defendant Graveline was made on the Commissioner of Motor Vehicles as his designated

agent pursuant to 12 V.S.A. § 892 on December 9, 1975. The applicable period of limitations here is three years. 12 V.S.A. § 512(4). This period had long expired at the time of plaintiffs' suit here. Plaintiffs' claim would be barred but the statute is tolled pursuant to 12 V.S.A. §§ 552, 892(b).

■ Although the court below erred in dismissing the action against the defendant Graveline on the basis of the statute of limitations, the error was harmless. The factual inquiry into whether Despault was an "insured" is identical to that as to the element of consent required to hold Graveline liable for negligent entrustment of his car to Despault. As we have stated, there was insufficient evidence that Despault had the consent of Graveline to operate his car. The plaintiffs failed to meet their burden on the issue of consent.

*Affirmed.*